# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 23-6673

**Caption [use short title]**: US v. Marc Leonardis

**Motion for**: Summary remand to district court for plenary resentencing and suspension of briefing and argument schedule pending decision.

**Set forth below precise, complete statement of relief sought**:

On consent, summary remand to district court for plenary resentencing based on agreement in briefs that Guidelines mistakenly calculated below as a matter of plain error. Also on consent, suspension of briefing and argument schedule pending decision.

**MOVING PARTY**: Marc Leonardis
- [ ] Plaintiff
- [✓] Defendant
- [✓] Appellant/Petitioner
- [ ] Appellee/Respondent

**OPPOSING PARTY**: United States

**MOVING ATTORNEY**: Robert A. Culp, Esq.
29 Garrison's Landing, P.O. Box 550
Garrison, NY 10524
(845)424-4431; culplaw@optonline.net

**OPPOSING ATTORNEY**: AUSA Rajit Singh Dosanjh, Esq.
U.S. Attorney's Office, N.D.N.Y.
100 South Clinton Street, Suite 900 Syracuse, NY 13202
(315)448-0672; Rajit.S.Dosanjh@usdoj.gov

**Court-Judge/Agency appealed from**: Hon. David N. Hurd, USDJ, NDNY

**Please check appropriate boxes**:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [✓] No (explain):

Opposing counsel's position on motion:
[✓] Unopposed  [ ] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [✓] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL**:
Has request for relief been made below?  [ ] Yes [ ] No
Has this relief been previously sought in this Court?  [ ] Yes [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [✓] No  If yes, enter date:

**Signature of Moving Attorney**:
s/Robert A. Culp   **Date**: June 19, 2024   **Service by**: [✓] CM/ECF  [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
NO.23-6673

_____

UNITED STATES OF AMERICA,
                                          Appellee,
v.

MARC LEONARDIS,
                                          Defendant-Appellant
_____

On Appeal From the United States District Court, Northern District of New York
Hon. David N. Hurd, United States District Judge
_____

AFFIRMATION OF ROBERT A. CULP, ESQ.
IN SUPPORT OF MOTION TO REMAND FOR PLENARY RESENTENCING
AND TO SUSPEND THE BRIEFING AND ARGUMENT SCHEDULE
_____

ROBERT A. CULP declares under penalty of perjury:

1.     I am CJA counsel to defendant-appellant Marc Leonardis. I submit this affirmation in support of appellant's motion to (i) summarily vacate the judgment and remand for plenary resentencing; (ii) suspend the briefing and argument schedule pending decision on the motion. Per AUSA Rajit Dosanjh, the government consents.

**Introduction and Procedural Overview**

2.     Appellant Marc Leonardis pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(A)(2)(A) and was sentenced principally to 188 months and 15 years of supervised release with special conditions. There was no plea agreement and no waiver of appeal. Defendant was charged with receiving

1

pornography from others in chatrooms while also posting suggestive, though not illegal, images of his minor daughter. Defendant was also alleged to have improperly touched without penetrating his daughter on some five occasions. In mitigation, among other things, defendant presented evidence, corroborated by family members and a mitigation expert, that he, his mother and his sister were abused sexually and violently by his stepfather, and that defendant continued to suffer from the repercussions of that abuse at the time of the allegations in this case.

3. The case and proceedings below are elaborated upon in much greater detail in the briefs and appendices already submitted by the parties. Appellant submitted his opening brief on March 1, 2020. Docket #50 (hereafter, "Appellant Br.") -- accompanied by an appendix, Docket#48, a confidential appendix, *see* Docket #50 (proof of service) and the Presentence Investigation Report ("PSR"). The government responded with a brief filed on May 30, 2024. Docket #55 (hereafter, "Government Br."). Following filing of the government's brief, the parties conferred about points of agreement, particularly that the case should be vacated and remanded for plenary resentencing based on plain error in determining the applicable Guidelines range. Although the parties do not agree on all issues raised on appeal, given the agreement that a plenary resentencing is necessary in any event, this motion is filed on consent to spare any need for a reply submission and oral argument to be held, and to achieve any additional convenience to the Court and parties.

**Argument**

4. The key point on which the parties agree is that as a matter of plain error the Guidelines range recommended in the PSR and adopted by the district court at sentencing was mistaken based on an improper enhancement for the number of images used to calculate the Guidelines. The district court adopted the PSR's recommendation of a final sentencing range of 188-235 months. Among other enhancements, that recommendation included a four-level enhancement because the defendant received 3 images and 5 videos (counted as 75 images each) for a total of 378 images under U.S.S.G. § 2G2.2(b)(7)(C). PSR ¶39. There was no objection to the Guidelines calculation and the district court adopted it. A65. The court then issued a sentence at the bottom of that range, 188 months. A81.

5. Appellant argued in his opening brief that the image calculation was plainly erroneous. Although the PSR recommendation was enhanced based on 3 images and 5 videos, the offense conduct section to which the PSR cross-referenced made clear that defendant in fact had received two images and three videos. PSR ¶¶ 11-13. With videos counted as 75 images under Comment 6(B) to the Guideline, the correct tabulation for this offense conduct was 227 images which falls under U.S.S.G. § 2G2.2(b)(7)(B) for an enhancement of three levels, not four as the district court accepted. With all other Guidelines calculations accepted *arguendo,* this mistake changed the final offense level to 36, rather than 35 as it should have been. This

changed the Guidelines range from 188-235 months when it should otherwise have been 168-210 months. The district court issued a 188-month sentence at the low end of the mistaken range, and had it issued a sentence at the low end of the correct range, the sentence would have been 168 months, 20 months lower. *See* Appellant Br. at 20-22.

6. In its brief, the government agreed that the district court committed plain error in determining appellant's offense level under the Guidelines based on the erroneous calculation as to the number of images. *See* Government Br. at 12-17. The government also agreed that the third and fourth prongs of the plain error test are satisfied, because there is no "unambiguous indication that the district court would have imposed the same sentence regardless of the guidelines error." *Id.* at 17. And, finally, the government agreed that this error alone requires a remand for plenary resentencing. *See id.* at 9-10, 17, 54.

7. Appellant also raised other issues in his opening brief. Appellant challenged several special conditions of supervised release also as plain error. *See* Appellant Br. at 23-28. The government agreed that one special condition – limiting defendant to one internet-capable device – is plain error under this Court's decision in *United States v. Kunz,* 68 F.4th 748, 767 (2d Cir. 2023). *See* Government Br. at 27-29. Otherwise, the government disagreed that any of the special conditions constituted plain error. *See id.* at 17-34. Appellant also raised a substantive unreasonableness

challenge to the 188-month sentence, Appellant Br. at 29-39, with which the government also takes issue. Government Br. at 34-53. Regardless, appellant does agree with the government's suggestion that in light of the need to remand for plenary resentencing in any event because of the conceded error in the Guidelines calculation, it is not necessary -- nor would the Court likely address -- any additional disputed issues. *See id.* at 11-12, 54.

8. Appellant also asks, on consent, that the briefing and argument schedule in this case be suspended pending decision on the motion to remand for plenary resentencing. This is to allow appellant to submit a reply brief and for the parties to argue the appeal in the event the Court denies the motion and determines that the appeal should go forward.

WHEREFORE, your affirmant respectfully requests that appellant's motion be granted in all respects. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  Garrison, New York
        June 19, 2024                    s/Robert A. Culp
                                         ROBERT A. CULP